IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| CATHERINE ORTBERG, | ) Civil Action No. 2:10-0962-CWH-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| HOLIDAY KAMPER COMPANY OF COLUMBIA, LLC, d/b/a CAMPING WORLD RV SALES, and FREEDOMROADS LLC, d/b/a CAMPING WORLD RV SALES, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, a former employee of the Defendants, asserting claims pursuant to, inter alia, the Family and Medical Leave Act (FMLA); 29 U.S.C. § 2601, et. seq.[1] The Defendant Holiday Kamper Company of Columbia, LLC (Holiday Kamper) filed a motion to dismiss or to compel arbitration on May 10, 2010. The second Defendant, Freedomroads, LLC (Freedomroads) also filed a motion to dismiss Plaintiff's complaint on that same date. Plaintiff filed memoranda in opposition to the Defendants' motions on May 27, 2010, following which both Defendants filed reply memoranda on June 7, 2010.

---

[1]The remainder of Plaintiff's causes of action are state law claims.

1



These motions are now before the Court for disposition.[2]

**Background**

Defendant Holiday Kamper asserts in its motion that Plaintiff's claims are subject to an Arbitration Agreement that she signed November 20, 2006, with an effective date of April 1, 2007. See Defendant Holiday Kamper's Exhibit A [Arbitration Agreement]. This Arbitration Agreement provides, among other things, that "All claims or controversies, whether or not arising out of employment or termination of employment, that would constitute a cause of action in a court" are subject to mediation, and, if mediation is unsuccessful, shall be submitted to final and binding arbitration by a neutral arbitrator. The Arbitration Agreement further provides that it shall be governed by the Federal Arbitration Act (FAA). See Exhibit A, ¶ ¶ 1-2, 6. Holiday Kamper therefore argues that this Court should dismiss Plaintiff's complaint, and compel her to mediate and/or arbitrate her claims. The Defendant Freedomroads also contends in its motion that Plaintiff's complaint should be dismissed in favor of arbitration pursuant to the Arbitration Agreement, and that in any event Plaintiff has never been employed by Freedomroads.

As an attachment to her response to Holiday Kamper's motion, Plaintiff has submitted an affidavit in which she attests that she was initially employed by Sonny's Camp and Travel on or about August 2005, that in October 2006 she was notified that Sonny's Camp and Travel was being bought out, and that in November 2006 she was "given some papers to sign and was told I had to sign in order to keep my employment with the new owners. One of these papers is the document

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

2



label 'Arbitration Agreement'". Plaintiff further attests that she signed the Arbitration Agreement on November 20, 2006, but that it did not have a date written on the front page as to when it was supposed to start. Plaintiff attests that she never saw the form again after November 20, 2006, and that the form was dated April 1, 2007 (her hire date) without her knowledge and without her ever being notified. See generally, Plaintiff's Affidavit. Plaintiff then makes various arguments as to why the Arbitration Agreement should not be deemed to be valid, although she does not dispute anywhere in her brief that, if valid, the Arbitration Agreement covers the claims she is asserting in this lawsuit.

**Discussion**

Although this matter is before the Court on Rule 12 motions to dismiss, for purposes of deciding a motion to compel arbitration, the Court may properly consider documents outside of the pleadings. Joyner v. GE Healthcare, No. 08-2563, 2009 WL 3063040 at * 2 (D.S.C. Sept. 18, 2009)["[T]he Court may consider materials outside the pleadings to determine whether a valid arbitration agreement exists"; see also Molina v. Coca-Cola Enterprises, Inc., No. 08-6370, 2009 WL 1606433, at * 1, n. 1 (W.D.N.Y. June 8, 2009)[The court may properly consider documents outside of the pleadings for purposes of deciding a motion to compel arbitration]; Brown v. Coca-Cola Enterprises, Inc., 2009 WL 1146441, at 1, n. 1 (E.D.N.Y. 2009)["While it is generally improper to consider documents not appended to the initial pleading or incorporated in that pleading by reference in the context of a Rule 12(b)(6) motion to dismiss, it is proper (and in fact necessary) to consider such extrinsic evidence when faced with a motion to compel arbitration"], quoting BS Sun Shipping Monrovia v. Citgo Petroleum Corp., 2006 WL 2265041, at * 3, n. 6 (S.D.N.Y. 2006)(citation omitted). Further, since the question of arbitrability is jurisdictional, the Court could ordinarily



continue to consider the motion under the Rule 12 standard. Joyner, 2009 WL 3063040, at * 2. However, since, in addition to the Arbitration Agreement itself, the Court also has before it an affidavit from the Plaintiff, the undersigned has considered the motion under the Rule 56 standards for a motion for summary judgment. Cf. Molina, 2009 WL 1606433, at * 5; see also Bensadoun v. Gobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003).

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law"; see Rule 56(c), Fed.R.Civ.P.; and "[i]f the moving party has 'substantiated the entitlement [to compel arbitration] by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried'". Molina, 2009 WL 1606433, at * 5, quoting Oppenheimer & Co., Inc. v. Neidhardt, 56 F.3d 352, 358 (2d Cir. 1995). See also Doctor's Ass'n., Inc. v. Distajo, 944 F.Supp. 1010, 1014 (D.Conn. 1996), aff'd., 107 F.3d 126 (2d Cir. 1997), cert. denied, 522 U.S. 948 (1997)["A party resisting arbitration . . . must show that, if proven, [its] allegations would relieve any obligation to arbitrate, and [it] must produce some evidence to substantiate [its] factual actual allegations"] (internal citations and quotation marks omitted); Burke v. Resurgent Capital Servs., L.P., No. 06-282, 2006 WL 1302448 (D.S.C. May 10, 2006)["[T]o challenge the validity of an arbitration agreement, or the underlying contract in which the agreement is contained, a party must submit sufficient evidence to raise a genuine issue for trial."] [Applying Standard to Motion to Dismiss].

### **Applicability of Arbitration Agreement to Claims**

Initially, the Court must resolve whether the claims asserted in this lawsuit fall under the terms of the Arbitration Agreement. Plaintiff has not contested the authenticity of the text of the

4



Arbitration Agreement submitted by Holiday Kamper, which provides in part that its provisions shall be governed by the Federal Arbitration Act. See Arbitration Agreement, ¶¶ 5-6. The FAA is a congressional declaration of a liberal federal policy favoring Arbitration Agreements, and any doubts concerning the scope of arbitrable issues are to be resolved in favor of arbitration. Gossett v. HBL, LLC, No. 06-123, 2006 WL 1328757, at * 6 (D.S.C. May 11, 2006). "Congress in the Federal Arbitration Act, declared written agreements to arbitrate valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. Courts have consistently interpreted this mandate broadly, addressing questions of arbitrability with a healthy regard for the federal policy favoring arbitration. The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Gossett, 2006 WL 1328757, at * 6 [internal citations and quotation marks omitted]. Therefore, the Arbitration Agreement and its scope and terms are to be considered under this standard.

With respect to whether Plaintiff's claims are covered by the Arbitration Agreement, "as a general rule, the Court, and not the arbitrator, must decide whether the parties have agreed that a claim is or is not subject to arbitration". Id. at * 6. Here, the Arbitration Agreement specifically provides that "all claims or controversies, whether or not arising out of employment or termination of employment, that would constitute a cause of action in a court" are subject to mediation and, if mediation is unsuccessful, are then subject to final and binding arbitration. See Arbitration Agreement, ¶¶ 1-2. Hence, by its specific terms, the claims set forth in this lawsuit fall under the purview of the Arbitration Agreement. Further, as previously noted, Plaintiff has not contested in

5



her response memoranda that her claims are subject to the Arbitration Agreement. Rather, Plaintiff contests the validity of the agreement itself.

Therefore, the undersigned finds and concludes that Plaintiff's claims are covered by the terms of the Arbitration Agreement.

**Validity of Arbitration Agreement**

Plaintiff argues in response to Defendants' motions that there is a question of fact as to whether the Arbitration Agreement constitutes a valid and binding contract between her and Holiday Kamper. When deciding whether an agreement to arbitrate is valid, courts look to general state contract law, in this case the law of South Carolina. Joyner, 2009 WL 3063040, at * 3; Stankiewicz v. Cisco Systems, Inc., No. 08-2754, 2009 WL 3152168, at * 2 (E.D.Pa. Sept. 30, 2009). In South Carolina, the formation of a valid contract requires 1) an offer, 2) acceptance of the offer, and 3) valid consideration. Joyner 2009 WL 3063040, at * 3; Hardaway Concrete Company, Inc. v. Hall Contracting Corporation, et al., 647 S.E.2d 488, 492 (S.C. 2007).

Plaintiff first argues that the Defendants' motion should be denied because there is a genuine issue of fact as to whether she knowingly and voluntarily entered into the agreement. This assertion is without merit. Plaintiff acknowledges in her affidavit that she was provided with a copy of the Arbitration Agreement in November 2006, and that she signed the Arbitration Agreement. Plaintiff's Affidavit, ¶ ¶ 3-4. Plaintiff argues in her brief (but does not state in her affidavit)[3] that

---

[3]See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda and/or oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; see also Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf. Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].



"[a]t no time did any manager, supervisor, human resources personnel or any other agent of the Defendant explain, educate or even attempt to discuss any part of . . . the Arbitration Agreement . . . [and that she] was not aware of the Arbitration Agreement, and no agent, employee, or representative of Defendant explained to Plaintiff that she was limiting her rights to a jury trial and that there was an arbitration clause." Plaintiff's Response Memorandum, p. 4. However, this argument is undercut both by Plaintiff's affidavit, wherein she concedes that she was provided with the document labeled "Arbitration Agreement", and that she signed that document, as well as by the terms of the Arbitration Agreement itself, which states in *bold type* directly above her signature: "I have received a set of the rules referred to above. I acknowledge that I have carefully read this agreement, that I understand its terms, that all understandings and agreements between [Defendant] and me relating to the subjects covered in the agreement are contained in it, and that I have entered into the agreement voluntarily . . . .". See Arbitration Agreement, p. 3. Plaintiff cannot defeat the terms of an otherwise valid contract, which she acknowledges she received and signed, by simply asserting at a later point in time that she did not understand what she was signing. Hence, absent evidence that Plaintiff was willfully misled or misinformed by the Defendant as to the contents of the Arbitration Agreement, she is deemed to have signed the agreement with full knowledge and assent as to what is contained therein. First Baptist Church v. George A. Creed & Son, Inc., 281 S.E.2d 121, 123 (S.C. 1981)["[I]n the absence of a showing of fraud, mistake, unfair dealing or the like, a party to a contract incorporating an arbitration provision cannot escape the obligation of such a provision by simply declaring: 'but I did not read the whole agreement.'"]; Burwell v. South Carolina Nat'l Bank, 340 S.E.2d 786, 789 (S.C. 1986)["[E]very contracting party owes a duty to the other party to the contract and to the public to learn the contents of a document before he signs it"];



Carter v. Mastec Services Company, Inc., No. 09-2721, 2010 WL 500421, at * 3 (D.S.C. Feb. 5, 2010)["[T]he law does not impose a duty to explain a document's contents to an individual when the individual can learn the contents from simply reading the document"], citing Towles v. United Healthcare Corporation, 524 S.E.2d 839, 846 (S.C. Ct. App. 1999).

Plaintiff also argues that under South Carolina law an employer may not condition employment on an individual's agreement to arbitrate all employment disputes; see S.C. Code Ann. § 15-48-10;[4] that Plaintiff was given no alternative but to sign the Arbitration Agreement as a condition of employment, and that the Arbitration Agreement is therefore void as being unconscionable. However, the fact that the Arbitration Agreement may have been offered on a "take-it-or-leave-it" basis (assumed to be true for purposes of summary judgment) does not by itself make the Arbitration Agreement unconscionable under South Carolina law. Joyner, 2009 WL 3063040, at * 3, citing Lackey v. Greentree Fin. Corp., 498 S.E.2d 898, 901-902 (S.C. App. 1998); Towles v. United Healthcare Corp., 524 S.E.2d at 845 [continued employment conditioned on acceptance of arbitration policy]; cf. O'Neil v. Hilton Head Hosp., 115 F.3d 272, 275 (4th Cir. 1997). The agreement could, of course, still be found to be unconscionable if it contains "one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." Joyner, 2009 WL 3063040, at * 3, quoting Carolina Care Plan, Inc. v United Healthcare Servs., 606 S.E.2d 752, 757 (S.C. 2004). Plaintiff has failed to make a showing of unconscionability under this standard, however. Burke, 2006 WL 1302448, at * 3, citing Munoz v. Green Tree Financial Corp., 542 S.E.2d 360, 365 (S.C. 2001).

---

[4]Plaintiff cites to S.C. Code Ann. § 15-48-80 (1976), which deals with witnesses, subpoenas, and documents in arbitration. It appears that Plaintiff intended to reference S.C. Code Ann. § 15-48-10 (1976).



The only argument posited in Plaintiff's brief with respect to unconscionability is where Plaintiff argues that "[w]hen one side makes the rules and chooses the arbitrators, it is an invitation to abuse." <u>Plaintiff's Memorandum</u>, p. 3. However, a review of the Arbitration Agreement reveals that, in the event of any dispute, the initial mediation is to be "heard by a neutral mediator mutually selected by the [Defendant] and the [Plaintiff]", and that if the mediation is unsuccessful, the claim is then to be arbitrated "and decided by a neutral arbitrator from the AAA roster of Employment Dispute Arbitrators or equivalent roster of Employment Dispute Arbitrators *to which the parties agree*." <u>Arbitration</u> <u>Agreement</u>, ¶ 1 [emphasis added]. Hence, a plain reading of the agreement shows that any mediators and/or arbitrators selected are done so mutually: the Defendant is not able to unilaterally "choose[]" the arbitrators", as asserted by Plaintiff in her brief. This argument is without merit. <u>Id</u>.; <u>see also</u> <u>Molina</u>, 2009 WL 10606433, at * 6-8.

Plaintiff's final argument for a finding of invalidity of the Arbitration Agreement is that, although the Arbitration Agreement was signed on November 20, 2006, it is not dated until April 1, 2007. <u>See</u> <u>Arbitration Agreement</u>, pp. 1, 3. These differing dates do not invalidate the Arbitration Agreement. Plaintiff concedes in her affidavit that she received and signed the Arbitration Agreement in November 2006. Both she and a representative of the Defendant signed the agreement on November 20, 2006. The second paragraph of the Arbitration Agreement specifically notes that Plaintiff was agreeing to the terms set forth in the agreement in consideration of the Defendant "providing prospective associates with an application for employment, or an offer of employment or continued employment . . . .". The agreement further provides that all employment claims or disputes that Plaintiff "may have now or in the future with or against [the Defendant] . . ." will be subject to arbitration. <u>Arbitration Agreement</u>, ¶ 1. The Arbitration Agreement is dated April

9



1, 2007, because that is the date Plaintiff was hired and began her employment with the Defendant. Complaint, ¶ 5. There is no evidence, nor does Plaintiff even claim, that any changes were made in the agreement between the date both parties signed it and April 1, 2007. Defendant argues, and the undersigned agrees, that the mere inclusion of the Plaintiff's starting date of employment on the front page of the Arbitration Agreement does not operate to alter the agreement or modify any of its material terms. This argument is without merit.

Based on the forgoing analysis, the undersigned finds and concludes that Plaintiff has failed to set forth a genuine issue of fact as to whether the Arbitration Agreement submitted to the Court is invalid.

### **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motions to dismiss be **granted**, that this case be dismissed, without prejudice. Burke, 2006 WL 1302448, at * 5. The parties may then pursue arbitration of Plaintiff's claims pursuant to the Arbitration Agreement executed by the parties.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 27, 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).