IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CATHERINE ORTBERG, ) | Civil Action No. 2:10-cv-0962-CWH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| HOLIDAY KAMPER COMPANY ) | |
| OF COLUMBIA, LLC, d/b/a ) | |
| CAMPING WORLD RV SALES, and ) | |
| FREEDOMROADS LLC, d/b/a ) | |
| CAMPING WORLD RV SALES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the report and recommendation of United States Magistrate Judge Bristow Marchant recommending that the defendants' motion to dismiss or compel arbitration be granted. For the reasons set forth in this order, the Court adopts the report and recommendation, and grants the defendants' motions to dismiss (ECF No. 5 and ECF No. 6).

## I. BACKGROUND

Catherine Ortberg ("the plaintiff" or "Ortberg") brought this action against her former employers, the defendants listed in the caption above,[1] advancing claims under the Family and Medical Leave Act ("FMLA"); 29 U.S.C. § 2601, et. seq., and several state statutes. The case was automatically referred to a magistrate judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C.

---

[1] The defendant Freedom Roads LLC contends that it never employed the plaintiff. Since the Court concludes that the plaintiff's case should be dismissed in favor of arbitration, the Court does not address the issue of whether Freedom Roads LLC employed the plaintiff.



The facts and procedural history of this case are thoroughly set forth in the report and recommendation, so the Court will limit its discussion to the facts relevant to the plaintiff's objections. The plaintiff alleges that she was employed by Sonny's Camp and Travel around August 2005. In October 2006, the plaintiff was informed that Sonny's Camp and Travel was being acquired by the defendants. The plaintiff claims that in November of 2006, she was "given some papers" and told that she "had to sign in order to keep [her] employment with the new owners." The plaintiff alleges that one of the documents she was required to sign was an undated arbitration agreement. Ortberg admits that she signed the document and dated it November 20, 2006; however, she claims that, without her knowledge or consent, the defendants inserted April 1, 2007, the date they took over the company and hired the plaintiff, as the effective date of the document. The defendants terminated the plaintiff's employment on April 13, 2008. On April 16, 2010, the plaintiff filed her complaint in this action. The plaintiff appears to concede that, if the arbitration agreement she signed is valid, it governs the plaintiff's lawsuit.

On May 10, 2010, the defendants moved to dismiss the case and compel arbitration. On August 27, 2010, Magistrate Judge Marchant issued a report and recommendation which analyzed the plaintiff's claims under the relevant standards for both a motion to dismiss under Rule 12 and a motion for summary judgment under Rule 56. After reviewing the complaint, the arbitration agreement, and an affidavit submitted by the plaintiff regarding the agreement, Magistrate Judge Marchant concluded that the plaintiff's claims fell within the scope of the arbitration agreement, which he found to be valid. Accordingly, the magistrate judge recommended that this Court grant the defendants' motion to dismiss the case in favor of

mediation or binding arbitration, as required by the arbitration agreement. On September 13, 2010, the plaintiff filed a response in objection to the magistrate judge's report and recommendation.

## II. DISCUSSION

The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the report and recommendation, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). After a full review of the record and pertinent case law, the Court adopts the report and recommendation and grants the defendants' motions to dismiss.

The Court understands the plaintiff's response to raise three objections to the report and recommendation. First, the plaintiff argues that the agreement is not enforceable because the defendants unilaterally modified the agreement by adding an effective date of April 1, 2007, the day the defendants hired the plaintiff. Second, the plaintiff contends that the arbitration agreement is not enforceable because it is a contract of adhesion and should be considered null and void under S.C. Code Ann. § 15-48-80. Third, the plaintiff argues that the Court must not dismiss the plaintiff's claim before affording her the opportunity to develop discovery. The Court will address each of these objections in turn.

Page 3 of 6



### A. Whether Defendants Invalidated the Contract by Unilaterally Modifying It.

The Court agrees with Magistrate Judge Marchant that even if the defendants inserted the date that they hired the plaintiff as the effective date in the arbitration agreement, this act alone does not invalidate the agreement. It is undisputed that the agreement was signed and dated by both parties on November 20, 2006, and the agreement explicitly provides that it governs any current or future disputes between the plaintiff and the defendants. Given these facts, the Court would find the contract enforceable even if the defendants had not filled in the effective date. See Baumann v. The Finish Line, Inc., No. 1:08-1385, 2009 WL 2750094, at *3 (S.D. Ind. Aug. 26, 2009).

### B. Whether the Agreement is Null and Void Because it Violates S.C. Law.

The plaintiff argues that under South Carolina Code Section 15-48-80, "an employer may not condition employment on an individual's agreement to arbitrate all employment disputes," and thus the agreement "should be considered null and void." Pl.'s Resp. in Obj. to Magistrate Judge's Report and Recommendation 3-4, ECF No. 14. As Magistrate Judge Marchant pointed out in his report and recommendation, "S.C. Code Ann. § 15-48-80 (1976) . . . deals with witnesses, subpoenas, and documents in arbitration. It appears that Plaintiff intended to reference S.C. Code Ann. § 15-48-10 (1976)."[2] Report and Recommendation 8 n.4, ECF No. 13. Notwithstanding Magistrate Judge Marchant's observation, the plaintiff's response in objection to the magistrate judge's report and recommendation cited the wrong provision yet again.

---

[2] Section 15-48-10 provides, "[a]n agreement to apply this chapter shall not be made a condition of employment."



Even if the Court assumes that the plaintiff meant to object pursuant to S.C. Code Ann. § 15-48-10 (1976), her argument still fails. By its terms, the arbitration agreement is governed by the Federal Arbitration Act ("FAA"), which preempts South Carolina's Uniform Arbitration Act where applicable. Towles v. United HealthCare Corp., 524 S.E.2d 839, 843 (S.C. Ct. App. 1999) (citing Soil Remediation Co. v. Nu-Way Envtl., 476 S.E.2d 149, 152 (S.C. 1996)). The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "State law contract principles govern whether a valid arbitration agreement exists," and the "[p]laintiff bears the burden of showing that the arbitration agreement is unenforceable." Joyner v. G.E. Healthcare, 4:08-2563, 2009 WL 3063040, at *3 (D.S.C. Sept. 18, 2009). This Court agrees with the magistrate judge that the plaintiff has not alleged facts sufficient to carry this burden. To establish that the agreement is unconscionable, the plaintiff must demonstrate that the agreement contains "one-sided contract provisions" and "terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." Id. (quoting Carolina Care Plan, Inc. v. United Health Care Servs., Inc., 606 S.E.2d 752, 757 (S.C. 2004)). A review of the agreement reveals that this is simply not the case. As the magistrate judge correctly noted, under the terms of the agreement, the parties will mutually select a mediator and/or arbitrator to resolve this dispute.

**C. Whether the Plaintiff Must Be Afforded the Opportunity to Conduct Discovery.**

The plaintiff's final objection begins with the unremarkable observation that "[a]rbitration does not allow discovery." The plaintiff cites no authority and offers no valid argument to demonstrate why she is entitled to additional discovery regarding the arbitration

agreement. Her argument then digresses into a discussion of the 12(b)(6) standard, which not only overlooks the Supreme Court's landmark decisions in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), but also cites Rule 12(b)(6), SCRCP, without explaining its relevance to this <u>federal</u> case. The Court concludes that the magistrate judge properly applied the 12(b)(6) standard and agrees that this case should be dismissed.

### III. CONCLUSION

For the reasons set forth in this order, the Court accepts and adopts the magistrate judge's report and recommendations (ECF No. 13) and grants the defendants' motions to dismiss (ECF No. 5 and ECF No. 6).

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

May 16, 2011
Charleston, South Carolina

